No. 13,209.

STATE OF LOUISIANA VS. JULIEN JOSEPH, SIDNEY JOSEPH AND ALEXANDER JOSEPH.

SYLLABUS.

An accused can not assign as newly discovered testimony, the statements of

persons whom he had summoned and who were present at the trial, but whom he had not interrogated on the trial.

This is particularly true where it appears that he offered no testimony in his defense—relying upon the weakness of that offered by the State.

ON APPEAL from the Nineteenth Judicial District Court for the Parish of St. Martin.  *Voorhies, J.*

*M. J. Cunningham,* Attorney General,· and *James Simon,* District Attorney, for Plaintiff, Appellee.

*J. E. Mouton* for Defendants, Appellants.

Submitted on briefs June 3, 1899.
Opinion handed down June 12, 1899.

The opinion of the court was delivered by

WATKINS, J.   The defendants having been indicted for the crime of burglary and larceny, and found guilty as charged, prosecutes an appeal from said verdict and a sentence thereunder to thirteen months' imprisonment in the penitentiary at hard labor—relying on a single bill of exceptions, which their counsel reserved to the ruling of the trial judge in refusing them a new trial.

The motion for a new trial rests upon the sole ground of newly discovered testimony.

The averments of the motion appear to be formal, and the affidavits of the parties named as the witnesses whose testimony has been discovered since the trial and verdict, are annexed to the motion and made a part of same.

It appears from the record that on the trial, no witnesses were introduced by the defendants—their reliance being upon the possible weakness or insufficiency of the testimony on behalf of the State.

For his ruling the trial judge assigned the following reasons, viz.:

"In this case the evidence is that the witnesses whose affidavits are "annexed to this motion, had been summoned and were present dur-"ing the trial.

"On the authority of the case of State vs. Charlet, 8 Rob., p. 529; "State vs. Morris, 27 Ann., 480; State vs. Woodworth, 28th Ann., 89, "the motion for a new trial must be, and is overruled.   See 37 Ann., "I."

We have examined those authorities but do not find in either of them the ground of the trial judge's opinion stated; .but it was distinctly announced in State vs. Dorsey, 42 Ann., 224.

We think the proposition of law, that an accused cannot assign as newly discovered testimony, statements of witnesses who had been summoned by him. and were present at the trial, but had not been interrogated by him, undoubtedly correct.

In our opinion the judge's ruling was a proper one.

Judgment affirmed.